# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 23, 2008

Charles R. Fulbruge III
Clerk

No. 08-20048

IN THE MATTER OF: BEVERLY COCHENER

                                                        Debtor

-------------------------------------------------------------------

RONALD J. SOMMERS, TRUSTEE

                                                        Appellant

v.

DAVID W. BARRY

                                                        Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No.  4:07-CV-629

Before JONES, Chief Judge, and OWEN and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The court has carefully considered this appeal in light of the briefs, record excerpts, and excellent arguments of counsel, and with due regard for the lengthy and thoughtful opinions of the bankruptcy and district courts. We are bound by the requirements that as an appellate court, we determine whether the bankruptcy court's findings of fact are clearly erroneous; whether it correctly applied 11 U.S.C. § 105 to determine David W. Barry's ("Barry") liability for sanctions; and whether it abused its discretion in fixing the amount of sanctions. We do not, in other words, review the district court's contrary findings. Most of the facts in this case are undisputed. The parties' arguments center, as did the differing court opinions, around whether factual inferences of bad faith conduct by Barry were correctly drawn.

Viewing the case from the bankruptcy court's perspective, whether or not we might have drawn different inferences, we ascertain plausible record evidence to support the bankruptcy court's findings that Barry acted in bad faith, especially when he asserted that dismissal of Ms. Cochener's case was in the best interest of creditors; when he determined that he would not attend the rescheduled meeting of creditors on June 20, 2001; when he instructed the Debtor not to turn over relevant documents to the Trustee; and when he knowingly misrepresented the reach-back period for evaluation of improper transfers by the Debtor. The findings are secure whether gauged by a preponderance or clear and convincing standard. The district court's critical error seems to have been its failure to recognize that even if the bankruptcy was commenced originally as a "two-party dispute" and even if such a case might ordinarily be dismissible, the debtor has no right to such relief when she has abused the privilege afforded by bankruptcy relief. Here, the trustee had good reason to believe following the first meeting of creditors, that assets were being

concealed by the Debtor, to the detriment of creditors. Moreover, Barry was aware of this likelihood when he undertook to represent Ms. Cochener. The bankruptcy court acted well within its authority to enforce the integrity of the process by policing the accuracy of debtors' schedules and representations to the court.

Because the bankruptcy court findings of bad faith conduct are not clearly erroneous, its determination of Barry's liability for sanctions under Section 105 was legally appropriate. In re Matter of Case, 937 F.2d 1014, 1023 (5th Cir. 1991). Finally, there is sufficient record evidence to support the amount of sanctions awarded. The court did not abuse its discretion in assessing sanctions.

Accordingly, the judgment of the district court is REVERSED, and the judgment of the Bankruptcy court is AFFIRMED.